IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

KEVIN IBN SCOTT,

     Petitioner,

     v.

LUIS MARTINEZ, Warden,

     Respondent.

Case No. 2:22-cv-06663-JWH-AGR

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus filed by Petitioner Kevin Ibn Scott, the other records on file, the Report and Recommendation of the United States Magistrate Judge (the "Report"), and the Objections.  Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice.  (ECF No. 23.)  Scott's objections to the Report do not merit a different outcome.

Scott objects that the prosecutor failed to prove beyond a reasonable doubt his guilt for the murder of Tamela Hemphill and the attempted murder of Douglas Baskin.  (ECF No. 27 at 10-14.)  The state court's rejection of Scott's claim of insufficiency of the evidence was not objectively unreasonable.  (ECF No. 13-27 at 17.)  Scott watched Hemphill and Baskin drive away; he followed them in his car; he gradually closed the distance between them; and, when the cars were stopped side by side, he shot Hemphill at close range, firing approximately seven gunshots at her as she sat in her car.  (*Id*.)  According to Baskin's jail telephone calls, Scott admitted that he had "tried to shoot" Baskin and apologized to Baskin for it.  (*Id*.; *see also* ECF No. 13-5 at 178.)  Although Scott argues that evidence of Baskin's jail telephone calls should not have been admitted (ECF No. 27 at 12), the evidence is considered regardless of whether it was  properly admitted.  *See McDaniel v. Brown*, 558 U.S. 120, 131 (2010) (*per curiam*) (for a claim of insufficiency of the evidence, "a reviewing court must consider all of the evidence admitted by the trial court, regardless of whether that evidence was admitted erroneously") (internal citation and quotation marks omitted).  From the evidence presented at trial, a reasonable jury could find that Scott was the assailant.

Scott objects that the prosecutor presented false evidence about Baskin's protection of an alleged police "snitch" named Emacc Mauldin to prove that Scott shot Baskin as punishment.  (ECF No. 27 at 14-17.)  The state court's rejection of

that claim was not objectively unreasonable.  (ECF No. 13-36.)  As the Report found, Scott has not shown that any evidence the prosecutor introduced was false.  (ECF No. 23 at 24.)  Scott instead appears to argue that the prosecutor fabricated a theory about the snitching, but "the prosecution's theory is not evidence."  (*Id*.)  Moreover, the "theory was amply supported."  (*Id*. at 25.)  Specifically, Baskin said in his jail telephone calls that he believed that he was shot because gang members thought that Baskin had taken money from Mauldin to protect Mauldin from suspicions of being a snitch.  (*Id*.; *see also* ECF No. 13-5 at 165, 170.)  Thus, Scott's claim of false evidence is meritless.

Scott objects that the trial court deprived him of due process, a fair trial, and a right of confrontation by erroneously admitting evidence of Baskin's tape-recorded jail telephone calls.  (ECF No. 27 at 18-21.)  The state court's rejection of that claim was not objectively unreasonable.  (ECF No. 13-27 at 16.)  As the Report found, there was no due process violation because "the jail call evidence was highly probative of Scott's conduct, intent and motive, and Baskin's credibility at trial."  (ECF No. 23 at 31.)  The jail call evidence showed, for example, that Scott admitted that he had tried to shoot Baskin and apologized to Baskin for it.  (ECF No. 13-5 at 178.)  Moreover, as the Report found, Scott's constitutional right to confrontation was not implicated because Baskin's jail telephone calls were not testimonial.  (*Id*. at 32.)

Scott objects that his out-of-court admissions, in which he apologized to Baskin for the shooting, required the trial court to issue a cautionary instruction about oral admissions.  (ECF No. 27 at 21-22.)  The state court's rejection of that claim was not objectively unreasonable.  (ECF No. 13-36.)  As the Report found, the trial court gave several instructions, covering out-of-court statements and credibility, that "were more than adequate to inform the jury how to assess pretrial oral statements."  (ECF No. 23 at 47.)

Scott objects that the trial court denied him due process and a fair trial by admitting evidence of an unrelated encounter in which Scott admitted to being a Crip gang member. (ECF No. 27 at 22-23.) The state court's rejection of that claim was not objectively unreasonable. (ECF No. 13-36.) As the Report found, admission of the evidence did not violate due process because the evidence was probative of Scott's motive. (ECF No. 23 at 34.) Moreover, the record contained ample, cumulative evidence of Scott's gang affiliation, and the trial court gave a limiting instruction about gang evidence. (*Id.* at 35; *see also* ECF No. 13-11 at 153-54; ECF No. 13-15 at 166-71, 187.)

Scott objects that the trial court denied him due process and a fair trial by admitting photographs depicting an inaccurate reenactment of the shooting. (ECF No. 27 at 24-25.) The Court agrees with the Report that Scott's claim raises a matter of state evidentiary law that is not cognizable on federal habeas review. (ECF No. 23 at 36-38.) Scott's claim that the photographs lacked foundation is a state law claim that does not become a federal constitutional claim merely because Scott asserts that the admission of the evidence was fundamentally unfair. (*Id.*)

Scott objects that the trial court deprived him of his constitutional right to present a defense by excluding his eyewitness expert. (ECF No. 27 at 25-27.) The state court's rejection of that claim was not objectively unreasonable. (ECF No. 13-36.) As the Report found, eyewitness expert testimony would have been irrelevant because there was no eyewitness identification of Scott as the shooter. (ECF No. 23 at 40.) Although Scott argues that there was eyewitness testimony about the shooter's car that needed to be debunked (ECF No. 27 at 26), the eyewitness, Baskin, gave only changing descriptions of the shooter's car, including testimony that it was a burgundy car, which did not match the white Range Rover that Scott drove. (ECF No. 23 at 40; *see also* ECF No. 13-11 at 102; ECF No. 13-14 at 5.) As the trial court found, the proffered expert testimony would have been irrelevant and confusing. (ECF No 13-14 at 8-10.)

Scott objects that the trial court denied him due process and a fair trial by refusing to grant trial counsel's request for time to find an exculpatory witness to support his motion for new trial. (ECF No. 27 at 27-29.) In a television news clip, the unnamed witnesses allegedly said that he saw the shooter get out of a car to commit the shooting and then leave in a car that the news reporter went on to say was a blue SUV. (ECF No. 13-4 at 197.) The state court's rejection of that claim was not objectively unreasonable. (ECF No. 13-36.) The trial court granted Scott's defense counsel two continuances to find the witness. (ECF No. 13-17 at 20, 29.) The trial court denied a third continuance because there was not "any real forward progress being made in identifying this person or getting any information from this person" and because, given the strength of the evidence, the trial court did "not believe that this witness, even if it took a year to find this person, would have made any difference in the case." (*Id*. at 36, 38.) As the Report found, the trial court reasonably concluded a third continuance would not serve a useful purpose. (ECF No. 23 at 49.)

Scott objects that his trial and appellate counsel rendered ineffective assistance in multiple respects. (ECF No. 27 at 29-32.) The state court's rejection of that claim was not objectively unreasonable. (ECF No. 13-36.) As the Report found, Scott's claims of ineffective assistance are unsupported. (ECF No. 23 at 52.) Although Scott objects that the state court should have held an evidentiary hearing before denying his claims (ECF No. 27 at 31-32), that conclusory and speculative objection is unavailing. *See Woods v. Sinclair*, 764 F.3d 1109, 1128 (9th Cir. 2019) (state court's failure to hold an evidentiary hearing was not unreasonable when all the habeas petitioner could offer was speculation about what an evidentiary hearing might produce).

Scott objects that the highly inflammatory gang evidence lacked relevancy and deprived him of due process and a fair trial. (ECF No. 27 at 32-34.) The evidence included the recordings of Baskin's jail telephone calls, gang expert

testimony, and photographs of Scott's gang tattoos. (ECF No. 23 at 41.) The state court's rejection of that claim was not objectively unreasonable. (ECF No. 13-27 at 13-15.) The gang evidence was "highly probative" because it "explained the motive for the shooting and why Baskin might not want to testify truthfully against [Scott]." (*Id*. at 14.) Moreover, the trial court gave a limiting instruction about the gang evidence. (ECF No. 23 at 43; *see also* ECF No. 13-16 at 32-33.) Given those circumstances, as the Report found, Scott has not shown that admission of the gang evidence was so unduly prejudicial as to render his criminal trial fundamentally unfair. (ECF No. 23 at 44.)

Scott objects that cumulative errors deprived him of due process and a fair trial. (ECF No. 27 at 34.) The state court's rejection of that claim was not objectively unreasonable. (ECF No. 13-27 at 17.) As the Report found, because there was no single constitutional error, there was nothing to accumulate to a level of a constitutional violation. (ECF No. 23 at 54.)

For those reasons, it is hereby **ORDERED** as follows:

1.      The findings and recommendations of the Report are **ACCEPTED**.

2.      Judgment shall be entered **DENYING** the Petition and **DISMISSING** this action **with prejudice**.

**IT IS SO ORDERED.**

Dated:  March 27, 2026



John W. Holcomb
UNITED STATES DISTRICT JUDGE